### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Joseph E. Glaum, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Colby Braun and Joseph Joyce, | ) | |
| | ) | Case No. 1:24-cv-146 |
| Defendants. | ) | |

On October 28, 2025, Plaintiff filed a Motion for Leave to File Under Seal. (Doc. No. 89). Therein he requests leave to file an affidavit from another inmate at the North Dakota State Penitentiary ("NDSP") under seal. Noting that the affiiant initiated his own case in federal court involving issues similar to those in the instant case, Plaintiff asserts that it is imperative this affidavit be filed under seal in order to (1) protect the affiant, (2) protect himself and other inmates vulnerable to retaliation at the NDSP, and (3) avoid possible bias or other negative impacts on his future appeals. He further asserts that sealing this affidavit "does not substantially interfere with what the public has access to" and that "it would be more beneficial than not to allowing sealing this one document." (Id.).

It is well-established that the public has a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public

access enjoyed by the public and press.  <u>United States v. McDougal</u>, 103 F.3d 651, 658 (8th Cir. 1996).  A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate.  <u>See</u> <u>In re Search Warrant for Secretarial Area Outside Office of Gunn</u>, 855 F.2d 569, 574 (8th Cir. 1988); <u>In re Sealed Documents</u>, Standing Order (D.N.D. Sept. 30, 2011).

Plaintiff's request to seal the affiant's affidavit is nonsensical.  First, Plaintiff appears to be laboring under the misapprehension that the affidavit will be shielded from Defendants view if filed under seal.  While sealed documents are inaccessible to the general public, they can be accessed by the parties.  Second, there is nothing confidential in affiant's affidavit that requires it to be filed under seal.   As Plaintiff acknowledges, the affiant filed his own federal case. <u>See</u> <u>Davis v. Braun</u>, Case No. 1:25-cv-137 (D.N.D.) at Doc. No. 9.  In the present affidavit, the affiant discusses the alleged conduct forming the bases for his claims in his own federal case. <u>See id.</u> Thus, the substance of the present affidavit is already publicly available in the affiant's filings in his own case.

For the reasons discussed above and in the exercise of its discretion, the court **DENIES** Plaintiff's Motion for Leave to File Under Seal (Doc. No. 89).

**IT IS SO ORDERED.**

Dated this 30th day of October, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
