IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joseph E. Glaum,            ) | |
|                             ) | |
|     Plaintiff,              ) | **ORDER** |
|                             ) | |
| vs.                         ) | Case No. 1:24-cv-146 |
|                             ) | |
| Colby Braun and Joseph Joyce, ) | |
|                             ) | |
|     Defendants.             ) | |

Before the court are Plaintiff's: (1) Motion for Order to Preserve Records (Doc. No. 95); (2) "Request for leave or stipulation to expand/extend time for discovery" (Doc. No. 103); (3) "Request for stipulation to extend time for discovery Rule 29" (Doc. No. 104); and (4) "Request for stipulation to preserve records, litigation hold Rule 29" (Doc. No. 105). Also before the court is a proposed scheduling/discovery plan in which Plaintiff, among other things, lists various materials (email communications, call logs, handwritten notes, electronically stored information, etc.) that may be discoverable. (Doc. No. 106).

Asserting that Defendants may have information about him that is either stored electronically or filed conventionally in filing cabinets at North Dakota State Penitentiary and elsewhere, Plaintiff requests that the court issue an order requiring Defendants to preserve information about him along with other records in this case that may be relevant to his claims. (Doc. Nos. 95 and 105). Further asserting that Defendants have yet to produce documents responsive to his discovery requests, he requests that the court extend the deadline for completing discovery until March 13, 2026. (Doc. Nos. 103 and 104).

On December 12, 2025, and January 12, 2026, Defendants filed responses to Plaintiff's

1

motions and proposed scheduling/discovery plan. (Doc. Nos. 99 and 108).  Therein, they affirm the the general principle of preserving relevant evidence. However, they take the position that Plaintiff's requests for a litigation hold are moot as such a hold is already in place. They also advise that they intend to respond to Plaintiff's discovery  requests. While they do not object to the an extension of the discovery deadline until March 13, 2026, the assert that Plaintiff's should be denied insofar as Plaintiff is seeking an  order compelling the production of certain documents.

There being no objection from Defendants, the court **GRANTS** Plaintiff's motions/requests (Doc. Nos. 103 and 104) insofar as Plaintiff is seeking an extension of the discovery deadline. Accordingly, the parties shall have until March 13, 2026, to complete fact discovery.  Insofar as Plaintiff may be seeking an order from the court that compels production of certain documents or materials from Defendants, his motions are **DENIED** as he has not certified that the parties have conferred in good faith about  matters that may be in dispute and participated in a conference with the court as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and D.N.D. Civil Local Rule 37.1.[1]

The court shall now turn to Plaintiff's request for a "litigation hold" and by extension Defendants' duty to preserve evidence. The following discussion of this duty by the Minnesota district court in *Valspar v. Millennnium Inorganic Chemicals, Inc*. is instructive.

> Generally, there is no duty to preserve evidence or documents unless a party possessing the evidence has notice of its relevance." *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999). "Usually such notice is provided when suit has been filed, 'providing the party responsible for destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.' " *Id.*

---

[1] The Order for Rule 26(f) Planning Meeting and For Rule 16(b) Scheduling Conference, and Order Regarding Discovery Disputes issued by the court on June 23, 2025, succinctly summarizes the requirements of these rules and what steps must be taken prior to the filing of any discovery motions. (Doc. No. 55).

(citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998); *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 73 (S.D.N.Y.1991)). The courts of this District have phrased this standard as holding "[t]he obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation." *E*Trade,* 230 F.R.D. at 588 (D. Minn. 2005) (citing *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004); *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

    The Court's review of the caselaw indicates that a defendant's duty to preserve evidence with regard to a case is most often triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is to be preserved as relevant to future litigation. *See, e.g., In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014) ("It is well established that the duty [to preserve evidence] is triggered, at the latest, when the defendant is served with the complaint.") (citation omitted); *Scalera v. Electrograph Sys., Inc.*, 262 F.R.D. 162, 174 (E.D.N.Y. 2009) (defendant's duty to preserve arose when received notice of discrimination suit filed against it); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 624 (D. Colo. 2007) (concluding that defendant's duty to preserve documents was triggered by filing of suit, and noting that, in some cases, duty may be triggered earlier when defendant has reason know that litigation was likely); *Clark Const. Grp., Inc. v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. 2005) (defendant's duty to preserve evidence triggered on the filing of the complaint); *but see E*Trade*, 230 F.R.D. at 589 (duty to preserve evidence triggered for corporate subsidiary when it received notice of commencement of a suit involving actions by corporate parent, even though suit had not actually been commenced at that point against the subsidiary itself); *Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 510 (D. Md. 2005) (defendant's duty to preserve evidence triggered when it was notified of sexual harassment and retaliation complaints at least thirteen months prior to filing suit); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (defendant's duty to preserve evidence triggered four months before commencement of litigation, when the relevant people at the defendant corporation actually anticipated litigation).

*The Valspar Corp. v. Millennium Inorganic Chemicals, Inc.,* No. 13-CV-3214(ADM/LIB), 2016 WL 6902459, at *4 (D. Minn. Jan. 20, 2016).

Here, Defendants acknowledge they have a duty to preserve evidence and have advised that they have already instituted a litigation hold (presumably when they were served with Plaintiff's pleadings or otherwise became aware that litigation involving Plaintiff was likely). In any event, if Plaintiff had not requested a litigation hold previously, then he has now done so and Defendants

are on notice of their duty to preserve relevant evidence. As there is nothing in the record to even remotely suggest that Defendants have been derelict in this duty, nothing is presently required from the court. Plaintiff's requests for a litigation hold (Doc. Nos. 95 and 105) are therefore deemed **MOOT** with the understanding that Defendants have been and will continue to preserve evidence or documents relevant to Plaintiff's claims during the pendency of the this litigation.

   **IT IS SO ORDERED.**

   Dated this 14th day of January, 2026.

                              */s/ Clare R. Hochhalter*
                              Clare R. Hochhalter, Magistrate Judge
                              United States Disrict Court